UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

IN RE:

DAVID J. PRINCE and THE ESTATE OF )
CONNIE TAYLOR PRINCE, )
 )
    Appellants ) No. 1:09-0093
 ) Judge Campbell
v. )
 )
BEAL BANK, SSB, LPP MORTGAGE, LTD. )
COUNTRYWIDE HOME LOANS, INC. )
AARON SQUYRES, and )
LESLIE GARRETT SARVER, )
 )
    Appellees )

**MEMORANDUM**

This is an appeal (Docket No. 9) by David J. Prince and the Estate of Connie Taylor Prince ("the Princes" or "Debtors" or "Appellants") of various issues resolved by multiple Orders of the Bankruptcy Court for the Middle District of Tennessee.

Specifically, the Princes appeal the following three Orders of the Bankruptcy Court: (1) the Order entered on August 19, 2008 (Docket No. 1, #61 [27])[1] denying the Debtors' Motion to Remand which the Bankruptcy Court construed as a Motion for Discretionary Abstention and

---

[1] The parties utilize different citation formats in their briefs. For clarification, the citations herein are to documents submitted as part of the Certified Record on Appeal from the Bankruptcy Court. The first number of the Court's citation indicates the docket entry number assigned by this Court in this appeal. The second number indicates the numbered attachment to each docket entry number. The third number in [brackets] indicates the docket number assigned by the Bankruptcy Court in the Adversary Proceeding.

1

Remand; (2) the Order entered on January 28, 2009 (Docket No. 1, #103 [66]) granting Wilson & Associates, PLLC, Leslie Garrett Sarver, and Aaron Squyres' ("the Wilson Defendants") Motion to Dismiss; and (3) the Order entered on July 27, 2009 (Docket No. 2, #71 [122]) granting Countrywide Home Loans, Inc. ("Countrywide"), LPP Mortgage, Ltd. ("LPP"), and Beal Bank, SSB's ("Beal Bank")[2] Motions for Partial Summary Judgment and to Strike the Jury Demand and denying the Princes' Motions to Strike Affidavits.

The Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's findings of fact for clear error and the Bankruptcy Court's conclusions of law de novo. In re John Richards Homes Bldg. Co., LLC, 439 F.3d 248, 254 (6th Cir. 2006)(citing In re Baker & Getty Fin. Servs., Inc., 106 F.3d 1255, 1259 (6th Cir. 1997)).

Generally, this case involves a wrongful foreclosure and eviction action based on the misapplication of mortgage payments to a debt that had been deemed current by an order of the Bankruptcy Court and in violation of a post-discharge injunction entered in the Debtors' Chapter 13 bankruptcy. Two actions were commenced based on the same set of facts, one in state court and another in Bankruptcy Court. These cases were consolidated into a single proceeding before the United States Bankruptcy Court for the Middle District of Tennessee. Following a trial, the Bankruptcy Court (1) reinstated the mortgage in the amount stipulated to and agreed upon by the parties before trial and (2) awarded compensatory damages to the Debtors by excusing the fair rental value, deemed to be the equivalent of their mortgage payments, during the time period from the date of the foreclosure sale until one month after the entry of the Memorandum Opinion disposing of the consolidated case, plus $2000 for the debtors' time and inconvenience in

---

[2]Herein, "Appellees" refers to Countrywide, LPP, and Beal Bank collectively.

2

dealing with the inadvertent actions and mistakes of the other parties. This appeal followed.

The six fundamental issues on appeal are:

1. whether the Bankruptcy Court correctly denied the Debtors' Motion to Remand (Docket No. 1, # 44 [14-1]);

2. whether the Bankruptcy Court correctly denied the Debtors' Motion to Abstain (Docket No. 1, #64 [30-1]);

3. whether the Bankruptcy Court correctly dismissed the Debtors' amended claims against the Wilson Defendants (Docket No. 1, #85 [46-1]);

4. whether the Bankruptcy Court correctly denied Debtors' Motion to Strike the testimony submitted by Appellees in support of their Motion for Partial Summary Judgment (Docket No. 2, #63 [114], #64 [115], #65 [116]);

5. whether the Bankruptcy Court correctly granted Appellees' Motion for Partial Summary Judgment (Docket No. 1, #115 [78]); and

6. whether the Bankruptcy Court correctly struck the Debtors' jury demand (Docket No. 2, #37 [92]).

1. Motions to Remand and to Abstain

In denying the Debtors' Motions to Remand and to Abstain, the Bankruptcy Court noted that the procedural facts pertinent to the Motions were "relatively undisputed." (Docket No. 1, #61 [27] at p.2). With regard to the Debtors' Motion to Remand, the Bankruptcy Court found that the Debtors' state court action was "at most a core proceeding, but at the very least [was] a 'related to' proceeding rendering a basis for this court's jurisdiction." (Docket No. 1, #61 [27] at p.5). The Bankruptcy Court's determination was based on its finding that "the debtors' state

3

court actions alleging state law theories of conspiracy, fraud, malicious prosecution, conversion, and unjust enrichment all stem from the debtors' allegations in the adversarial proceeding that they filed in this court asserting that the defendants' conduct violated the discharge injunction. The violations of the discharge injunction and damages that flow therefrom are core proceedings, and the state law action is intimately intertwined with that action." (*Id.*)

With regard to the Debtors' Motion to Abstain, the Bankruptcy Court held that, because "all issues are intimately intertwined with bankruptcy law," in this case "the interests of comity, justice, convenience of the parties, and convenience of the courts beg for a consolidated forum to resolve the issues between these parties." (Docket No. 1, #61 [27] at pp. 6-7).

This Court agrees and concurs with the Bankruptcy Court's findings of fact and conclusions of law. The Bankruptcy Court did not err in denying the Motion to Remand because it had jurisdiction over the claims asserted in the state court action, as they are so closely related to the Debtors' core claims asserted in the Adversary Proceeding. Further, because the claims asserted in both cases are interrelated, the Bankruptcy Court did not err in denying the Motion to Abstain. Judicial economy is best served by one court resolving all claims brought by these Debtors arising out of the same underlying set of facts and circumstances.

2.  <u>Motion to Dismiss filed by the Wilson Defendants</u>

The Princes appeal the Bankruptcy Court's dismissal of their claims against the Wilson Defendants.[3] In the Adversary Proceeding, the Wilson Defendants moved to dismiss the

---

[3] A more detailed recitation of the facts surrounding the Wilson Defendants is necessary for the Court's resolution of this appeal. Following the removal of the Lawrence County General Sessions Court eviction action to the Lawrence County Circuit Court, the Wilson Defendants sought dismissal of the claims asserted against them by the Princes in the state court action. Their motion was granted by the Lawrence Court Circuit Court. Upon the consolidation of the state court action with the adversary case in Bankruptcy Court, the Wilson Defendants

4

Debtors' claims against them by application of the doctrines of res judicata and collateral estoppel. (Docket No. 1, #85 [46-1]). In response, the Debtors argued that res judicata did not apply because there was no final judgment on the merits with regard to their amended claims. The Debtors also argued that collateral estoppel did not apply because their claims in the Bankruptcy Court did not constitute subsequent litigation identical to their initial claims in state court. The Debtors maintained that their amended claims were distinct from their initial claims.

In granting the Wilson Defendants' Motion to Dismiss, the Bankruptcy Court characterized the Princes' litigation as "a single and continuous controversy" and adopted the prior state court dismissal of the Wilson Defendants as the "law of the case." (Docket No. 1, #103 [66] at p.3). Specifically, the Bankruptcy Court held:

> The court finds absolutely no basis to revisit the decision of the Circuit Court dismissing the Wilson Defendants. The decision of the Circuit Court for Lawrence County should continue to govern the same issues in subsequent stages of this very same case.
> Accordingly, the court finds that the claims against the Wilson Defendants have already been dismissed and/or, if necessary to clarify any procedural issues, hereby GRANTS the Wilson Defendants' Motion to Dismiss.

(Docket No. 1, #103 [66] at p.5). The Bankruptcy Court did not address the doctrines of res judicata or collateral estoppel in its Memorandum Opinion granting the motion to dismiss.

On appeal, the Debtors contend that the "law of the case" doctrine does not apply to their amended claims because those claims have not been considered by the Lawrence County Circuit Court or by any court. The Wilson Defendants posit that the parties, the relevant facts regarding the foreclosure of the Princes' property, and the applicable time periods have not changed since

---

moved the Bankruptcy Court to dismiss the claims against them in the Amended Complaint filed by the Princes. The Bankruptcy Court granted the Wilson Defendants' motion to dismiss by Memorandum Opinion. That dismissal is the subject of this alleged error on appeal.

5

the beginning of this litigation; therefore, the Debtors could have and should have litigated or attempted to litigate their claims prior to the state court order dismissing for failure to state a claim.

The Princes' amended claims in the Bankruptcy Court allege that (1) Wilson & Associates conspired to coordinate the wrongful transfer of title to the Princes' home from Beal Bank to LPP; (2) Wilson & Associates were negligent in the execution of their responsibilities and in the course of their conduct towards the Princes and the Princes' property; (3) Wilson & Associates violated the Fair Debt Collections Act; and (4) Wilson & Associates violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(1). According to the Princes, some of these amended claims are based on facts uncovered after the Lawrence County Circuit Court dismissed their initial claims. Therefore, while the prior state court claims and the amended claims may share some underlying facts, they allege distinct causes of action arising from separate, albeit overlapping or interrelated time periods.

The Court concludes that the Bankruptcy Court's granting of the Wilson Defendants' Motion to Dismiss is based on an incorrect finding that "the claims against the Wilson Defendants have already been dismissed." While it is true that the Princes' state law claims of fraud, tortious interference with contract, misrepresentation by concealment, conspiracy, breach of fiduciary duty, and conversion have been dismissed by the Lawrence County Circuit Court, the amended claims alleged by the Princes in the adversarial proceeding have neither been heard nor "already . . . dismissed" by any court.

In their Response to the Princes' appellant brief, the Wilson Defendants admit that the Princes have alleged new theories for relief. (Docket No. 18 at p.6)("The only matters that have

6

changed are the Princes' theories for relief."). New claims are not barred by the "law of the case" doctrine. The preclusive effect, if any, of the Princes' state court claims and the prior disposition of those claims should be addressed by the Bankruptcy Court in the first instance.

For the reasons, the Bankruptcy Court's Order granting the Wilson Defendants' Motion to Dismiss is REVERSED and VACATED, and the case is remanded for reconsideration and disposition not inconsistent with this opinion.

3.  Motions to Strike

In support of their Motion for Partial Summary Judgment, Appellees submitted the declarations of John Turner, Nicole Orr, and Lisa Cavender. The Debtors objected, alleging that the declarations were not based on personal knowledge and contained inadmissible hearsay.

The Bankruptcy Court found the Debtors' motions to strike "wholly without basis." (Docket No. 2, #71 [122] at p. 22). The Bankruptcy Court further noted that counsel for the Debtors "did not in any way prosecute, argue, or even mention the motions to strike the affidavits [declarations] at the hearing set on this issue." (*Id*.) Therefore, the motions were denied as baseless and for failure to carry the burden of proof in prosecution of the motions. (*Id*.) After reviewing the challenged declarations and the underlying briefs, as well as the Bankruptcy Court's rulings, this Court is not persuaded by the Debtors' arguments and finds that the Bankruptcy Court properly denied the Debtors' Motions to Strike for the reasons stated by the Bankruptcy Court.

4.  Motion for Partial Summary Judgment

Defendants Countrywide, LPP Mortgage, and Beal Bank sought summary judgment on the Debtors' six state law claims and their claim against Countrywide under RESPA. The

7

Bankruptcy Court found:

> This case has languished for at least four years with ample opportunity for the Princes to "put up" to protect their claims against summary judgment. The initial burden was on [Appellees] to demonstrate that an essential element of the Princes' case was lacking. The burden then shifted to the Princes to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the nonmoving party. The Princes could not meet their burden on any of their claims for: (1) malicious prosecution, (2) abuse of process, (3) conversion, (4) civil conspiracy, (5) negligence, (6) negligent infliction of emotional distress, and (6) [sic] violation of RESPA. Accordingly, [Appellees'] motion for partial summary judgment is GRANTED in all respects.

(Docket No. 2, #71 [122] at p.22). This Court agrees and concurs with the Bankruptcy Court's findings of fact and conclusions of law as to each state law claim.[4] The Court will briefly address each claim in turn.

First, the Bankruptcy Court granted summary judgment on the Debtors' malicious prosecution claims against Beal Bank and LPP, finding that the Debtors could not establish that the actions in question were undertaken without probable cause and with malice. Because the Debtors failed to provide any evidence sufficient to create a genuine issue of material fact as to the element of malice, this Court agrees that the claims against Beal Bank and LPP must be dismissed. *See Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005)(holding that malice is a required element of a malicious prosecution claim under Tennessee law).

Second, the Bankruptcy Court granted summary judgment on the Debtors' abuse of process claims against Beal Bank and LPP after determining that the Debtors failed to allege, much less establish, that either defendant used "the legal process to effectuate an improper

---

[4]The Princes did not appeal the dismissal of their RESPA claim.

purpose." (Docket No. 2, #71 [122] at p.11). The Court agrees with this determination. As the Bankruptcy Court pointed out, the declarations of John Turner and Lisa Cavender, unrebutted by the Debtors, establish that Beal Bank and LPP attempted to correct "the perfect storm of errors" resulting in the misapplied payments, the foreclosure, and the improperly titled trustee's deed. (*Id.*) The actions alleged by the Debtors indicate that these Defendants were attempting to use the legal process for an appropriate – not improper – purpose. The Debtors adduced no other evidence in support of their abuse of process claims. As such, those claims fail. *See Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977)(dismissing the plaintiff's abuse of process claims because the complaint failed to allege that defendant "employed legal process to obtain an end that the process was not intended to effect.").

Third, the Bankruptcy Court granted summary judgment as to the Debtors' conversion claim against Beal and LPP, finding that the Debtors could not establish the essential elements of a conversion action under Tennessee law. Like the Defendant-Appellees, the Court questions whether real estate can form the basis of a claim in conversion. *See* 18 Am. Jur.2d *Conversion* § 15 (stating that "[a]n action for conversion generally lies as only with respect to personal property; real estate is not subject to conversion."). The Bankruptcy Court determined it need not resolve this issue since, in response to the Motion for Partial Summary Judgment, the Debtors failed to establish that "any action on the part of the defendants intentionally deprived the Princes of their property" because the Princes were never evicted from their home after the foreclosure sale. (Docket No. 2, #71 [122] at p.13 & n.8).

The Court finds that the Bankruptcy Court properly dismissed the conversion claim because, even assuming a claim for conversion lies in real property – an assumption this Court

9

finds suspect – there is no genuine issue of material fact as to whether Beal Bank or LPP ever exercised possession or control over the property sufficiently to support a conversion claim under Tennessee law. *See Lance Prods. v. Commerce Union Bank*, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988)(explaining that conversion exists where there is use and employment of another's property without the owner's consent, destruction or dominion over the property by excluding or defying the owner's right, or withholding property from the owner under a claim of title inconsistent with the owner's claim of title).

Fourth, the Bankruptcy Court granted summary judgment on the Debtors' civil conspiracy claim, finding that "parties getting together to correct a trustee's deed is not actionable to create a civil conspiracy because they were not conspiring for an unlawful purpose or using unlawful means." (Docket No. 2, #71 [122] at p.15). The Court finds that the Bankruptcy Court properly dismissed the conspiracy claim where the Princes put forth no evidence to rebut the declarations of Nicole Orr, Lisa Cavender, and John Turner, all of whom stated that the Defendants acted to correct mistakes once they were discovered and without any ill-intent towards the Debtors. The Debtors failed to allege and prove the required elements of a civil conspiracy claim in Tennessee. *See Kirksey v. Overton Pub., Inc.*, 739 S.W.2d 230, 236 (Tenn. Ct. App. 1987)(defining a civil conspiracy as "a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in and of itself unlawful by unlawful means").

Fifth, the Debtors asserted three theories of negligence: an alleged failure by LPP, Beal Bank, and Countrywide to maintain accurate and truthful records of the Princes' mortgage payments and history; an alleged failure by LPP, Beal Bank, and Countrywide to exercise

reasonable diligence to determine whether the Princes were actually in default before initiating foreclosure proceedings and selling their home; and an alleged failure by LPP and Beal Bank to exercise reasonable diligence to determine the validity of Beal Bank and LPP's claims to ownership of the Princes' property before prosecuting civil complaints against the Princes. Finding that "[t]hese claims fail because the Princes cannot show that the defendants owed a duty of care independent of their contractual obligations," the Bankruptcy Court granted summary judgment of all the Debtors' negligence claims. (Docket No. 2, #71 [122] at p.16). The Court agrees with the Bankruptcy Court that the Debtors' claims sound in contract, not in tort. The Debtors neither alleged a duty owed nor offered any evidence supporting their claims that Beal Bank, LPP, and Countrywide owed a duty of care to the Princes beyond their contractual obligations.[5] Their negligence claims consequently fail, there being no genuine issue of material fact as to whether the Defendants breached a duty owed to the Debtors.

Finally, the Bankruptcy Court granted summary judgment of Mr. Prince's claim for negligent infliction of emotional distress arising from Appellees' handling of their mortgage, finding that claim failed "for the same reasons [Mr. Prince] could not make a prima facie case for negligence." (Docket No. 2, #71 [122] at p.19). After reviewing the record, the Court agrees with the Bankruptcy Court that Mr. Prince failed to present–either in discovery or in response to the Appellee's motion for partial summary judgment–any competent medical proof showing that he suffered from a serious or severe emotional injury. Mr. Prince concedes that

---

[5]Because issues raised for the first time on appeal are waived, *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983), the Court will not address the Debtors' untimely-proffered theories of duty based on RESPA and Standard Operating Procedures issued by the United States Small Business Administration. Even if the Court were inclined to entertain these late arguments, the Court would not be persuaded based for the reasons set forth in Appellees' Brief (Docket No. 15 at pp.32-33) and Surreply (Docket No. 24, at pp. 8-9).

11

the only witness he planned to call in support of his claim would be called as a lay witness rather than as an expert. (Docket No. 21 at p.14). An expert would be required to establish "serious or severe emotional injury" to support a claim for negligent infliction of emotional distress. *See Eskin v. Bartee,* 262 S.W.3d 727, 735 (Tenn. 2008). Further, Mr. Prince also failed to establish the causal connection between Appellees' conduct and any such injury. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004)(setting forth the elements of a claim for negligent infliction of emotional distress). For these reasons, the Bankruptcy Court did not err in granting summary judgment as to Mr. Prince's claim for negligent infliction of emotional distress.

6.  Motion to Strike Jury Demand

The Defendants filed a Motion to Strike the Jury Demand made by the Princes. The Bankruptcy Court found that, because it had granted the Defendants' Motion for Partial Summary Judgment, the issue was moot. (Docket No. 2, #71 [122] at p.23). [6] This Court agrees.

For the reasons described above, the Court AFFIRMS the Bankruptcy Court's Order of August 19, 2008 (Docket No. 1, #61 [27]) denying the Debtors' Motion to Remand which the Court construed as a Motion for Remand and Discretionary Abstention, as well as the Order of July 27, 2009 (Docket No. 2, #71 [122]) granting Countrywide Home Loans, Inc., LPP Mortgage, Ltd., and Beal Bank, SSB's Motions for Partial Summary Judgment and to Strike the Jury Demand and denying the Princes' Motions to Strike Affidavits. The appeal with respect to

---

[6] The Court went on to alternately conclude that the Princes had waived their right to a jury trial by filing bankruptcy and then returning to Bankruptcy Court to have these matters heard. (Docket No. 2, #71 [122] at pp.23-24). It is not necessary for the Court to address this alternate holding herein, having agreed that the jury demand issue is moot.

12

those Orders is DISMISSED.

However, the Bankruptcy Court's Order of January 28, 2009 (Docket No. 1, #103 [66]) granting Wilson & Associates, PLLC, Leslie Garrett Sarver, and Aaron Squyres' Motion to Dismiss is REVERSED and VACATED. The case is remanded for reconsideration and disposition not inconsistent with this opinion.

An appropriate Order will be entered.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

13